FILED BY ⟨signature⟩ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 MAY 31  PM 6: 56

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

KAMAL PATEL,                           X
                                       X
       Plaintiff,                      X
                                       X
vs.                                    X      No. 04-2899-D/P
                                       X
PATRICK J. O'SULLIVAN, et al.,         X
                                       X
       Defendants.                     X
                                       X

ORDER ASSESSING FILING FEE
ORDER DENYING MOTIONS FOR ENLARGEMENT OF TIME, FOR ISSUANCE
OF SUMMONS, AND FOR SERVICE OF PROCESS AS UNNECESSARY
AND
ORDER TO ISSUE SERVICE OF PROCESS
FOR THE DEFENDANT NEUROLOGY CLINIC, P.C.

Plaintiff Kamal Patel, Bureau of Prisons (BOP) inmate
registration number 56496-080, an inmate at the Federal
Correctional Institution (FCI)[1] in Forrest City, Arkansas, has
filed a complaint under Bivens v. Six Unknown Federal Agents, 403
U.S. 388 (1971) and diversity jurisdiction for medical malpractice,
negligence, conspiracy, fraud, and breach of contract. The Clerk
of Court shall file the case and record the defendants as Patrick
O'Sullivan and The Neurology Clinic, P.C.[2]

_____

[1]    The word prison is used in this order to refer to all places of
confinement or incarceration, including jails, penal farms, detention and
classification facilities, or halfway houses.

[2]    Plaintiff also named two "John Doe Insurance Companies" as
defendants. It is well settled that a complaint cannot be commenced against
fictitious parties. Bufalino v. Michigan Bell Telephone Co., 404 F.2d 1023, 1028
(6th Cir. 1968). Furthermore, the United States Supreme Court has instructed
district courts hearing diversity cases that "[e]xcept in matters governed by the

I.    ASSESSMENT OF FILING FEE

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).  The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement.  Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order.  It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit.  When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court.  If the funds in plaintiff's account are insufficient to pay the full amount of the

Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."  Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938).  The Erie Court noted that in a diversity context, the "law of the state" includes not only state statutes, but also the corpus of interpretive law as pronounced by the state courts.   Erie, 304 U.S. at 78.   Although the Tennessee legislature expressly created a remedy whereby which injured parties could proceed against their insurer in uninsured motorist cases, Tenn. Code Ann.  56-7-1206(d), the underlying rationale of Glover v. Tennessee Farmers Mutual Ins. Co., 468 S.W.2d 727 (1971), that direct actions against liability insurers are barred remains the law in Tennessee.  Furthermore, the plaintiff is clearly not the insured.  The defendants are the insured parties.  Accordingly, plaintiff is not entitled to proceed directly against defendants' insurance companies and the Clerk is ORDERED to strike any reference to "Two John Doe Insurance Companies" from the docket.

initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court.  On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242 Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of

3

address.  If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.

II. ORDER DENYING MOTION FOR ENLARGEMENT OF TIME (Docket entry 3), AND MOTION FOR ISSUANCE OF SUMMONS AND FOR SERVICE OF PROCESS (Docket entry 4) AS UNNECESSARY

On January 10, 2005, plaintiff filed a motion for enlargement of time to effect service, noting that over 120 days had passed since the filing of his complaint on November 5, 2004, and the Court had not ordered the Clerk to issue any summons.  The United States Court of Appeals for the Sixth Circuit issued an administrative order which states:

> [B]efore service of process is made on the opposing parties, the district court must screen the case under the criteria of 28 U.S.C.A. § 1915(e)(2) and 28 U.S.C.A. § 1915A. . . . Therefore, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case may proceed in normal course.  District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners.

In Re Prison Litigation Reform Act, 105 F.3d 1131, 1131-33 (6th Cir. 1997)(articulating how district courts should apply the PLRA).

4

Accordingly, screening of <u>pro se</u> complaints must occur before process issues. The delay in issuing process and effecting service in a case subject to screening is not attributable to the plaintiff. Upon a determination that plaintiff's motion to proceed <u>in forma pauperis</u> be granted and that service should issue, it is the duty of the United States Marshal Service to effect proper service. As any delay was not attributable to the plaintiff, the motion for an enlargement of time (Docket entry 3) is DENIED as unnecessary. Furthermore, as the Court had not screened plaintiff's complaint at the time he filed his motion for issuance of summons and for service of process (Docket entry 4), the motion is also DENIED as unnecessary. The Court issues service orders in accordance with the administrative order of the Sixth Circuit.

IV.  <u>ISSUANCE OF SERVICE FOR DEFENDANT THE NEUROLOGY CLINIC, P.C.</u>

Prior to the screening of plaintiff's complaint and the entry of this order, the Clerk of this Court was not authorized to issue any process delivered to the plaintiff. Although the docket of this case does not reflect that the Clerk issued any process for either of the defendants, defendant Patrick O'Sullivan has filed an answer to the complaint. It is unclear how service was effected upon O'Sullivan, however, he has now answered the complaint. Accordingly, it is not necessary that the Clerk issue process for O'Sullivan.

It is ORDERED that the Clerk shall issue process for the defendant Neurology Clinic, P.C. and deliver said process to the marshal for service.

5

Service shall be made on defendant The Neurology Clinic in accordance with Rule 4(h)(1).   All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for each defendant, or on the defendant if he or it has no attorney.   The plaintiff shall make a certificate of service on every document filed.   The plaintiff shall promptly notify the Clerk of any change of address or whereabouts.   Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this __3/__ day of May, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 2:04-CV-02899 was distributed by fax, mail, or direct printing on June 9, 2005 to the parties listed.

---

Tabitha Katherine McNabb
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

William W. Dunlap
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Kannon C. Conway
HARRIS SHELTON HANOVER WALSH, PLLC
2700 One Commerce Square
Memphis, TN 38103--255

Kamal Patel
56496-080
P.O.Box 9000
Forrest City, AR 72336

Honorable Bernice Donald
US DISTRICT COURT